**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| KANDI MORRIS, pro se, | ) |
| Plaintiff, | ) Civil Action No. 17-198 (RDM) |
| v. | ) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) |
| Defendant. | ) |

# DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant United States Department of Justice ("DOJ"), in reply to Plaintiff's Opposition to the Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, states the following:

Plaintiff, a former Freedom of Information Act ("FOIA") Specialist with DOJ's Office of Information Policy ("OIP") hired through the Federal Career Intern Program ("FCIP"), alleges in her complaint that DOJ: (1) terminated her employment in February 2011 in violation of Title VII and (2) during her tenure with DOJ, did not pay her commensurate with her education and experience and at a lower rate than male counterparts in violation of the Equal Pay Act ("EPA"). Defendant moved to dismiss the case in its entirety because Plaintiff failed to exhaust her administrative remedies with regard to her termination claim and, as factual matter, she cannot sustain her EPA claim.

Plaintiff responded to the motion, contending that it should be denied because there are

several material facts in dispute. Response at 1. A review of the alleged facts which Plaintiff claims are in dispute; reveal, however, that the facts she disputes are not material to Defendant's motion and she does not dispute the facts that are material to Defendant's motion. Specifically, she does not – and she cannot – dispute the fact that she failed to initiate contact with an Equal Employment Opportunity ("EEO") counselor within 45 days of her termination as required by Title VII and its implementing regulations and therefore failed to exhaust her administrative remedies. Likewise, she does not – and she cannot – dispute the fact that, as a policy matter, *all* persons hired by OIP as a FOIA Specialist through the FCIP, regardless of their education, race, and/or gender, were hired at the GS-7 grade level and were assigned duties commensurate with a GS-7 level FOIA Specialist and therefore Plaintiff was not treated disparately, including with regard to her pay.

As explained in more detail below, Defendant's motion should be granted and the complaint dismissed and/or judgment entered in favor of Defendant.

## I. PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES AND HER TERMINATION CLAIM SHOULD BE DISMISSED

As explained in Defendant's supporting memorandum, under Title VII, a plaintiff must exhaust all administrative remedies prior to filing a civil action in federal district court, and exhaustion requires strict adherence to filing deadlines. In other words, a plaintiff who fails to comply, to the letter, with administrative deadlines ordinarily will be denied a judicial remedy. Memorandum at 5 (citations omitted). Pursuant to 29 C.F.R. §1614.105(a)(1), an aggrieved person must initiate contact with an EEO counselor within 45 days of the effective date of a personnel action alleged to be discriminatory in violation of Title VII, informing the counselor of

the alleged unlawful discriminatory action.

Here, Plaintiff admits that she did contact an EEO counselor within 45 days of her termination. Indeed, in her response, Plaintiff acknowledges that the Office of Management and Budget ("OMB") informed agencies in December 2010 of the discontinuance of the FCIP program effective March 2011, essentially directing agencies to either convert the individuals hired under the program to a competitive service appointment or terminate them. Response at 8. She also acknowledges that she was informed of her termination by OIP on January 26, 2011, and that <u>her last day at OIP was February 10, 2011</u>. Response at 14, 31. Accordingly, pursuant to Title VII and the EEOC's implementing regulations, Plaintiff was required to initiate contact with an EEO counselor within 45 days of <u>February 10, 2011</u>, the effective date of her termination, <u>or no later than March 28, 2011</u>. Plaintiff admits, however, that she did not contact an EEO counselor until February 8, 2013, nearly two years after her termination. Response at 38, 39.

In her response to the Defendant's motion, Plaintiff attempts to remedy this failure to timely initiate contact with an EEO Counselor by claiming that on January 26, 2011, the date she was informed of her termination, she attempted to contact an individual employed with DOJ's Justice Management Division ("JMD") Human Resources Staff ("HRS"), asking that he explain the reason for her termination and that the termination be committed to writing. Response at 19. Importantly, however, she does not allege that she informed the JMD HRS employee that she believed that her termination was motivated by discrimination in violation of Title VII. Moreover, even if she had indicated to the JMD HRS employee that she believed that her termination was motivated by unlawful discrimination (and there is no indication that she did

3

so), she still was required to contact an EEO counselor within 45 days of her termination, which she admittedly did not do. Instead, she waited nearly two years. Response at 38, 39.

Clearly, based on Plaintiff's own admission, she failed to contact an EEO counselor within 45 days of her termination. Therefore, Plaintiff failed to exhaust her administration remedies and her termination claim under Title VII should be dismissed with prejudice for failure to state a claim.

## II. THE AGENCY DID NOT DISCRIMINATE UNDER THE EPA

Plaintiff also asserts in her complaint that appointing her at the GS-7, rather than the GS-9, level, amounted to discrimination in violation of the EPA because she was paid at a rate at or below similarly situated white males with less education. As explained in Defendant's supporting memorandum, to prevail in a disparate treatment claim under the EPA, a plaintiff must demonstrate that he or she received less pay than an individual of the opposite sex for equal work, requiring equal skill, effort, responsibility, under similar working conditions within the same establishment. Memorandum at 10.

Here, as was also explained in Defendant's supporting memorandum, as a matter of agency policy, all individuals hired under the FCIP within OIP were hired at the GS-7 level, regardless of their education, race, and/or gender. Memorandum at 8. This policy was the result of the FCIP's requirement that all FCIP interns show progressive advancement on a career ladder in order to successfully complete the program and be converted to a competitive service appointment, and because the career ladder ended at the GS-11 level, an individual who started at the GS-9 level would be unable to show successful advancement throughout the entire two year program. *Id*. at 9. Additionally, as also noted in Defendant's supporting memorandum and

supported by the record, all individuals hired under the FCIP within OIP, regardless of their education, race, or gender, were assigned to perform the starting duties and responsibilities commensurate with a GS-7 level, FOIA Specialist. *Id*. at 11.

In Plaintiff's response, she does not dispute that all individuals hired under the FCIP within OIP were hired at the GS-7 level and that these individuals were required to perform the same level of starting duties, nor does she identify a single individual, whether white or black, female or male, similarly situated who was treated differently from her. In fact, in her response to the Defendant's motion, Plaintiff does not dispute a single material fact or issue identified by Defendant related to her EPA claim, or otherwise contend that the Department is not entitled to judgment as a matter of law on her EPA claim. Indeed, in her response, Plaintiff only contends that she initiated EEO counseling regarding her EPA claim timely and therefore the Court has jurisdiction to hear her claim – a contention that Defendant does not dispute.

Accordingly, because there are no material facts in dispute with regard to Plaintiff's EPA claim, and all interns hired under the FCIP within OIP were hired at and performed the duties of a GS-7 level; and Plaintiff was not paid at or below similarly situated white males performing the same duties and responsibilities, judgment should be entered for the Defendant with regard to Plaintiff's EPA claim.

## CONCLUSION

For the foregoing reasons, and those reasons set forth in Defendant's Motion and Memorandum of Points and Authorities in Support of Defendant's Motion, Plaintiff's claims should be dismissed in its entirety with prejudice and/or, alternatively, judgment should be entered for Defendant.

                              Respectfully submitted,

                              CHANNING D. PHILLIPS
                              Acting United States Attorney, D.C. Bar #415793

                              DANIEL F. VAN HORN, DC Bar # 924092
                              Chief, Civil Division

By:   _/s/_____
        PATRICIA K. MCBRIDE, PA Bar # 54561
        Assistant United States Attorney
        Civil Division
        555 4th Street, NW, Room E-4804
        Washington, DC 20530
        Tel: 202.252.7123
        Fax: 202.252.2599
        Email: patricia.mcbride@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Reply to Plaintiff's Opposition to the Motion to Dismiss to be served, on this 18th day of September, 2017, by the first class mail on Plaintiff:

Kandi Morris
3933 Greencastle Road #306
Burtonsville, MD 20866

*Pro se* Plaintiff

                                            Respectfully submitted,

                                            _____/ s /_____
                                            PATRICIA K. MCBRID, PA Bar # 54561
                                            Assistant United States Attorney